IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

IN RE:                                )
                                      )
CHARLES ERNEST HIDY,                  )   Case No. 06-40451
                                      )
        Debtor.                       )

## ORDER SUSTAINING, IN PART, AND OVERRULING, IN PART, TRUSTEE'S OBJECTIONS TO EXEMPTIONS

Debtor Charles Ernest Hidy seeks to exempt funds he received for unused sick and vacation benefits after he was terminated from his employment. The Debtor claims that a portion of these funds are exempt under § 525.030 of the Missouri Statutes as earnings from employment. In addition, he claims that the entire amount should be exempt under § 513.427 because, although he had been terminated prepetition, his right to receive these benefits had not yet been determined as of the date of the bankruptcy petition. The Trustee objects on both grounds. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1). For the reasons that follow, the Trustee's Objections will be SUSTAINED, in part, and OVERRULED, in part.

By letter dated October 24, 2005, the City of Independence, Missouri, informed the Debtor that the City's fire chief had recommended that the Debtor be terminated from his employment with the City's fire department, effective ten days from the date of the letter. The Debtor filed a voluntary Chapter 7 Petition on March 2, 2006. On July 17, 2006, an arbitrator issued a decision finding that the Debtor was in fact terminated ten days after October 24, 2005, and sustaining the City's decision to terminate the Debtor's employment.

Subsequently, the City sent an electronic direct deposit in the amount of $10,263.28 to the United Consumers Credit Union, attempting to deposit the funds into the Debtor's account there. Because the Debtor had previously closed this account at the Credit Union, the Credit Union then sent a cashier's check in the same amount to the Chapter 7 Trustee on August 10, 2006. The Trustee is currently holding these funds.

These funds represent approximately twenty years of accrued vacation and sick leave benefits that the City owed the Debtor, less applicable withholding taxes. Debtor's counsel requested the Trustee to turn over the funds, but the Trustee refused, responding that the money was property of the estate, it had not been scheduled as an asset in the Debtor's schedules, and it had not been claimed as exempt. Thereafter, the Debtor twice amended his schedules, and currently claims $7,650 of the funds are exempt under § 525.030.2, and, alternatively, all of the funds are exempt under § 513.427. The Trustee objects to the claimed exemptions.

Claimed exemptions are presumed to be valid and the Trustee bears the burden of proving that the exemptions are invalid.[1]

Section 525.030.2 allows a debtor to exempt a portion of his earnings from garnishment. The statute defines "earnings" as "compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and

---

[1] Fed. R. Bankr. P. 4003(c); *In re Alexander*, 270 B.R. 281, 286 (B.A.P. 8th Cir. 2001), *aff'd*, 44 Fed. Appx. 32 (2002).

includes periodic payments pursuant to a pension or retirement program."[2]  The Trustee asserts these funds are not "earnings" under the statute because (i) the statute does not specifically identify unused vacation and sick as earnings; (ii) these benefits are a gratuity in that the employer voluntarily gives them to the employee despite the fact that the employee is not working during the time vacation or sick leave is used; and (iii) if the Debtor had been garnished while he was employed by the City, the City would not have turned his accrued leave benefits over to the creditor.

The Supreme Court of Missouri has held that "[a] paid vacation or pay accumulated by an employer without the interposition of a trust is generally regarded as additional earnings of an employee" under § 525.030.[3]  Therefore, the court concluded that money in a vacation fund was earnings because (1) the contributions made by the employer, and the payments made to the employees from the fund, were proportional to the hours worked by the employees; (2) once the employee met the requirements for receiving money from the vacation fund, the employee had a right to receive it; (3) the vacation benefit was subject to federal and state tax withholdings when it was paid to the employee; and (4) the vacation benefit was part of the remuneration agreed upon by the parties.[4]  Additionally, the court said, "[a]lthough contributions to a welfare fund are often not technically characterized as

---

[2] Mo. Stat. Ann. § 525.030.2.

[3] *Electrical Workers, Local No. 1 Credit Union v. IBEW-NECA Holiday Trust Fund*, 583 S.W.2d 154, 160 (Mo. 1979).

[4] *Id.* at 161.

3

wages, they have been held to represent a part of the consideration being given to the workers for their services and have in certain circumstances been regarded as having the same legal effect as wages."[5]

There is no allegation that the Debtor's benefits in this case are subject to a trust. And, since the Trustee has not offered any evidence to show that the Debtor's vacation and sick benefits are anything other than customary vacation and sick benefits earned over the years the Debtor worked for the City, I find that these benefits were proportional to the hours he worked; he had the right to be paid for the unused vacation and sick pay when he was terminated; the benefits were subject to federal and state tax withholdings when the City paid them to him; and they were part of the remuneration agreed upon by the Debtor and the City. In essence, they were a part of the "compensation paid" to the Debtor for his personal services as a firefighter. They are, therefore, earnings under § 525.030.2.

Since the Debtor is not a head of household, seventy-five percent of the funds are not subject to garnishment, and are thus exempt, under § 525.030.2. The Debtor's exemption under that provision will be allowed in the amount of $7,697.46.[6] Alternatively, the Debtor claims the money is exempt under § 513.427. Since I have already determined that $7,697.46 of it is exempt under § 525.030.2, only the remaining $2,565.82 is at issue at this point.

---

[5] *Id.*

[6] I note that the Debtor only claims $7,650 as exempt under § 525.030.2; however, since Bankruptcy Rule 1009(a) allows the debtor to amend his Schedules at any time before the case is closed, the exemption will be allowed in the amount to which the Debtor would be entitled.

Section 513.427 provides, in relevant part, that "[e]very person by or against whom an order is sought for relief under [the Bankruptcy Code], shall be permitted to exempt from property of the estate any property that is exempt from attachment and execution under the law of the state of Missouri or under federal law, other than [§ 522(d) of the Bankruptcy Code]."[7] The Debtor points to *State ex rel. Government Emp. Ins. Co. v. Lasky*, in which the Missouri Court of Appeals held that, in order to be the subject of a garnishment, a debt owed to the debtor (*i.e.,* the fund to be garnished) must be certain and not contingent.[8] "[A] mere liability of a garnishee to an action on the part of the defendant for damages not liquidated, either in tort or for breach of contract, is not subject to garnishment."[9] The Debtor argues that his right to receive the money for his unused leave was contingent upon the arbitrator's finding, which occurred after he filed his bankruptcy petition. Hence, he argues, as of the petition date, a creditor could not have garnished the funds and they were, therefore, exempt from attachment and execution under Missouri law. Under the Eighth Circuit Bankruptcy Appellate Panel's decision *In re Benn,*[10] the Debtor argues, since his entitlement to the money had not been determined as of the petition date, they are entirely "exempt from

---

[7] Mo. Stat. Ann. § 513.427.

[8] 454 S.W.2d 942, 950 (Mo. Ct. App. 1970) ("The debt for which an attachment may issue must possess an actual character and not be merely possible, and dependent upon a contingency which may never happen." (citation omitted)).

[9] *Id.*

[10] 340 B.R. 905 (B.A.P. 8th Cir. 2006).

attachment or execution" under Missouri law and exempt in his bankruptcy case.[11]

The Debtor argues that a creditor could not have garnished the unused sick and vacation pay while the Debtor was still employed because, he then had the ability to use the leave, rather than being paid a sum of money for it upon termination. However, that is not the issue here, he had already been terminated when he filed his bankruptcy petition.

Thus, the question is whether a creditor could have garnished the funds after the Debtor was terminated from his employment, but before the arbitrator issued his findings. Section 525.260 of the Missouri Statutes provides that "[d]ebts not yet due to the defendant may be attached, but no execution shall be awarded against the garnishee for debts until they shall become due."[12] The Missouri Supreme Court has said that salary in the hands of the employer may be attached as soon as it is earned, even though the salary is not yet due to be paid to the employee.[13] Since, as discussed above, the unused leave is earnings, then, like salary, it was subject to attachment under this provision when it was earned, even though the City, as garnishee, could not have been required to pay such earnings over to a garnishing creditor until after the amount owed had been determined. I find that the unused leave, in its monetary form, was "earned" by the Debtor upon his termination (if not sooner) and thus was a debt attachable by a judgment creditor, even though it was not "due to be paid" to the

---

[11] One basis for the BAP's holding allowing the tax refund as exempt was that, during the year the case was filed, the Debtor's potential entitlement to a refund at the close of such year was still contingent, and therefore exempt from attachment and execution as of the petition date.

[12] Mo. Stat. Ann. § 525.260.

[13] *Bambrick v. Bambrick Bros. Const. Co.*, 132 S.W. 322, 325 (Mo. Ct. App. 1910).

6

Debtor until the arbitrator made his award. It was, therefore, subject to attachment pursuant to § 525.260, and not exempt under § 513.427.

Simply put, unpaid earnings such as this are not a contingent liability in the same sense that an unliquidated tort claim is contingent. Upon termination, the City owed the Debtor for his unused leave, subject to no true contingency. The *Lasky* decision, on which the Debtor relies, is therefore distinguishable.

Likewise, they are not contingent in the same sense that a tax refund for an uncompleted year may be contingent.[14] A debtor's salary, marital status, or other factors might change by year-end, thereby altering his right to a refund. As a result, the facts necessary to determine such refund are not available until year-end. Here there is no dispute as to the Debtor's entitlement to the unused sick and vacation pay; the question was the form in which it was to be paid. The Debtor contended that he was wrongly terminated, and that had he been reinstated, he could have taken such pay by using the days, rather than by receiving money. But the fact that the Debtor contests his termination does not make his entitlement to that pay, in one form or another, contingent. Accordingly, the Debtor is only entitled to claim an exemption for earnings, as provided under § 525.030, and not to an additional exemption based on such earnings having been a contingent claim.

Finally, the Trustee states that the Debtor has failed to turn over non-exempt income

---

[14] I note that the BAP's opinion in *In re Benn* is pending before the Eighth Circuit, so the question of whether such refunds are exempt as contingent claims at all is subject to further review.

tax refunds of $582.63 and non-exempt bank account proceeds of $330.07, for a total of $912.70. He requests that he be permitted to offset that amount against the exempt portion of the unused leave funds in his possession. The Debtor does not oppose this relief. Therefore, the Trustee is authorized to offset $912.70 against the $7,697.46 exempt portion of the funds in his possession.

ACCORDINGLY, the Trustee's Objection to Exemptions is SUSTAINED, in part, and OVERRULED, in part. The Debtor is entitled to exempt $7,697.46 of the funds representing his unused vacation and sick leave. The Debtor's claim of exemption in the remainder of these funds is disallowed. Further, the Trustee is authorized to offset the sum of $912.70 against the exempt amount of $7,697.46, and is DIRECTED to return the balance, $6,784.76, to the Debtor.

IT IS SO ORDERED.

                                            **/s/ Arthur B. Federman**
                                                Bankruptcy Judge

Date: **March 23, 2007**

***John Cruciani to serve parties not receiving electronic notice***